JOHN ALLEN SENTELL, JR., and minor )
child, T.R.S., )
)
    Plaintiffs, )
) No. 3:12-CV-593
v. ) (VARLAN/SHIRLEY)
)
STATE OF TENNESSEE and )
DISTRICT ATTORNEY GENERAL )
RUSSELL JOHNSON, )
)
    Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned on the Defendants' Motion to Stay Disclosures and Discovery Pending a Ruling on Their Motion to Dismiss [Doc. 12], filed on May 1, 2013, and the Plaintiffs['] Motion to Compel Discovery Pending the Court[']s Rul[]ing [Doc. 14], filed on May 28, 2013. See 28 U.S.C. § 636(c). The Defendants also filed a Response in Opposition to Plaintiffs' Motion to Compel Discovery Pending the Court's Ruling [Doc. 15], which the Court has also considered. A hearing was held before the undersigned on June 27, 2013. Plaintiff John Sentell proceeded *pro se*, and Plaintiff T.R.S. was not present. Attorney Stephanie Bergmeyer appeared on behalf of the Defendants.

The Defendants' motion [Doc. 12] requests that the Court stay all disclosures and discovery until the District Court rules on their Motion to Dismiss [Doc. 7]. The Defendants state that they have filed a motion to dismiss the Plaintiffs' claims against them because the Eleventh Amendment bars claims against Tennessee; the State of Tennessee and General Johnson are not

"persons" under 42 U.S.C. § 1983; and prosecutorial immunity bars any claims for monetary damages against General Johnson.

The Plaintiffs' motion [Doc. 14] requests that the Court compel discovery. The Plaintiffs allege that the Defendants have not produced paperwork that proves the Defendants have "sought predatory actions" against them.

At the hearing, Attorney Bergmeyer stated that any discovery would not resolve the issues before the District Court. In addition, she stated that the Defendants have not received any discovery requests, but they sent the Federal Rule of Civil Procedure 26(a) disclosures. The Defendants have not sent any other discovery. Plaintiff Sentell stated that he would like all of his criminal records and documents with regard to him. In addition, he stated that he tried to get a deposition from the Sheriff's Office.

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler v. Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir. 1981). "In ruling upon a motion to stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." Osman v. Mission Essential Personnel, LLC, No. 2:11-cv-577, 2012 WL 1831706, at *1 (S.D. Ohio 2012) (citing Marrese v. Amer. Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983)). The Court notes that "[i]n some cases . . . a stay of discovery is required because the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds." Shanks v. Honda of America Mfg., No. 2:08-cv-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009). In addition, "the Court might be persuaded to order a stay of discovery if it appears that the complaint will almost certainly be dismissed." Id.

In the present matter, the Defendants have moved the District Court to dismiss the case because the Complaint does not sufficiently state a claim upon which relief can be granted. Specifically, the Defendants' motion to dismiss alleges that they cannot be sued. The Defendants' defenses, if true, may support dismissing the matter in whole, and as a matter of law, their defenses should be addressed before discovery proceeds. <u>See</u> <u>id.</u> The Court finds that at this time further discovery is not appropriate and that the motion to dismiss will support staying discovery pending a ruling from the District Court. Accordingly, the Defendants' Motion to Stay Disclosures and Discovery Pending a Ruling on Their Motion to Dismiss [**Doc. 12**] is **GRANTED** and the Plaintiffs['] Motion to Compel Discovery Pending the Court[']s Rul[]ing [**Doc. 14**] is **DENIED**. Discovery in this case is hereby **STAYED** pending the resolution of the motion to dismiss by the District Court.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge