UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN ALLEN SENTELL, JR., and minor child, )
T.R.S., )
 )
       Plaintiffs, )
 )
v. ) No.: 3:12-CV-593
 ) (VARLAN/SHIRLEY)
STATE OF TENNESSEE and )
DISTRICT ATTORNEY GENERAL )
RUSSELL JOHNSON, )
 )
       Defendants. )

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Motion to Dismiss by Defendants State of Tennessee and District Attorney General Russell Johnson ("General Johnson") [Doc. 7]. Plaintiffs responded in opposition [Doc. 10] to the motion. No reply has been filed, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1, 7.2. The Court has reviewed the relevant law and arguments and, for the reasons stated herein, will **GRANT** the motion to dismiss.

**I.    Positions of the Parties**

Defendants move the Court for the entry of an order dismissing this case, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the following reasons: (1) the Eleventh Amendment bars suit against the State of Tennessee; (2) monetary damages against the State of Tennessee are not available under 42 U.S.C. § 1983; and (3) prosecutorial immunity bars any claim for monetary damages against General Johnson in

his individual capacity. *Pro se* plaintiff John Allen Sentell, Jr. ("plaintiff") responds, asserting additional facts not included in his complaint.[1] Plaintiff does not specifically respond to defendants' arguments in support of dismissal.

## II. Analysis

Plaintiffs' complaint alleges that the State of Tennessee violated their civil rights, specifically, due process, freedom of speech, freedom of assembly, and freedom of religion. The complaint alleges that General Johnson, acting on behalf of the State of Tennessee, "battered" plaintiff and had him forcibly removed from the General Sessions Court in Loudon County, Tennessee, on November 14, 2012, thereby violating his rights. The complaint demands that General Johnson apologize in writing, that Tennessee Governor Bill Haslam apologize to plaintiff's daughter, minor T.R.S., and that plaintiff be paid damages in the amount of $6,850,201, for his wasted time.

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain

---

[1] Plaintiffs' response claims that General Johnson has discriminated against him and his family, both in his official and individual capacities, and asserts that he was removed from some location by an agent or officer of the Ninth District Attorney General's Office, resulting in damages. He claims General Johnson's office has attacked his family. Plaintiff asserts that General Johnson is sued as the individual appearing on the video recording attached as Exhibit A to his response. Plaintiff's response also requests that the Court enter default judgment against defendants, order that defendants stop harassing plaintiff and his family, and that he be awarded damages. However, no such allegations or exhibits were included with the complaint [Doc. 2], and plaintiff has not moved to amend his complaint. Thus, the Court disregards these contentions, as well as Exhibit A to plaintiffs' response, as matters outside the pleadings. *See Jones v. City of Cincinnati*, 531 F.3d 555, 561-62 (6th Cir. 2008) (a court cannot consider matters outside the pleadings without converting motion to dismiss into motion for summary judgment).

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

Absent a specific exception, the State of Tennessee and its agencies are barred from federal suit by the Eleventh Amendment. *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). The three exceptions to a state's sovereign immunity are as follows:

3

(1) when the state has consented to suit; (2) when the *Ex parte Young* exception applies; and (3) when Congress has abrogated the state's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citations omitted). Congress did not abrogate the sovereign immunity of states by passing § 1983, and the State of Tennessee has not consented to a suit such as this one either expressly or by implication. Tenn. Code Ann. § 20-13-102(a); *Berndt*, 796 F.2d at 881 (citations omitted). Moreover, the complaint does not allege the type of "ongoing violation of federal law" or "seek[ ] relief properly characterized as prospective[,]" such that the *Ex parte Young* doctrine could apply. *Verizon Maryland, Inc. v. Public Serv. Com'n of Maryland*, 535 U.S. 635, 645 (2002) (citations and internal quotation marks omitted).

The state's Eleventh Amendment "sovereign immunity also extends to any suit brought by a private party where the payment of liability must be made from public funds in the state treasury, regardless of the actual party being sued." *Berndt*, 796 F.2d at 881 (citations omitted). District Attorneys General in Tennessee are state officials. *See* Tenn. Code Ann. §§ 8-42-101(3)(A); 8-7-201. The complaint alleges that plaintiffs are suing General Johnson, a state official, in his official capacity. Accordingly, the Eleventh Amendment immunity applies to bar suit against both the State of Tennessee and General Johnson, in his official capacity, in this case.

To the extent that plaintiffs seek to bring suit against General Johnson in his individual capacity, the complaint does not expressly allege individual capacity. "[T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from

4

defendants directly, or to hold the state responsible for the conduct of its employees." *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). The Federal Rules of Civil Procedure "*require* plaintiffs to properly allege capacity in their complaint." *Id.* (emphasis in original). In this case, the complaint specifically alleges that General Johnson was "acting on behalf of the State of Tennessee" when he committed the alleged constitutional violations. Accordingly, plaintiffs have not properly brought suit against General Johnson in his individual capacity, and the Court need not address defendants' arguments in that regard.[2]

### III. Conclusion

For the reasons stated above, the Court hereby **GRANTS** the Motion to Dismiss by Defendants State of Tennessee and District Attorney General Russell Johnson [Doc. 7] and **DISMISSES** this case. The Clerk is **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

s/ Debra C. Poplin
CLERK OF COURT

---

[2] While the response indicates that plaintiffs may now seek to sue General Johnson in his individual, as well as his official capacity, plaintiffs have not moved to amend their complaint to include any additional factual allegations or causes of action, and the complaint appears to the Court only to bring suit against General Johnson in his official capacity.